# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Mark Uhrina**<br>**7617 Bell Flower Road**<br>**Mentor, Ohio 44060**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**Mercantile Adjustment Bureau, LLC**<br>**165 Lawrence Bell Drive, Suite 100**<br>**Williamsville, NY 14221**<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>    **Defendants.** | **CASE NO.: 1:16-cv-00034**<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br>A Trial by the Maximum Number of Jurors is hereby Demanded |

Here comes Plaintiff Mark Uhrina, and sets forth a *Complaint* against Defendant Mercantile Adjustment Bureau, LLC and Defendant John and Jane Does 1 – 10 as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Mark Uhrina (hereafter "Plaintiff"), is an adult individual whose residence is in Mentor, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York business entity with an address of 165 Lawrence Bell Drive, Suite 100, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for the Mercantile, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. Mercantile at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Mercantile for collection, or Mercantile was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Mercantile Engages in Harassment and Abusive Tactics

12. In or around April 2015, Plaintiff spoke with Mercantile regarding the Debt. Plaintiff provided Mercantile with his telephone number.

13. Thereafter, Mercantile called Plaintiff's telephone number and spoke with Plaintiff.

14. Despite having Plaintiff's telephone number, Mercantile called Plaintiff's father at telephone number 330-xxx-1571. During this call, Mercantile disclosed to Plaintiff's father that it was attempting to collect the Debt.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, *et seq.*)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants contacted Plaintiff's father for purposes other than to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

19. Defendants communicated with Plaintiff's father regarding the Debt, in violation of 15 U.S.C. § 1692c(b).

20. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damage; and

5. Such other and further relief as this Court may determine to be just and proper.

Dated: January 7, 2016

Respectfully submitted,

By:  /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897

        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Email: slemberg@lemberglaw.com
        Attorneys for Plaintiff:
        Mark Uhrina

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

        /s/ *Sergei Lemberg*
        Sergei Lemberg, Esq.